UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

FELIX DIAZ,

                             Plaintiff,

              -against-

CITY OF NEW YORK, POLICE OFFICER THOMAS
CALVIN, SHIELD #13693 and UNIDENTIFIED NEW
YORK CITY POLICE OFFICERS, EMPLOYEES AND
AGENTS,

                            Defendants.

------------------------------------------------------------------ x

**ANSWER TO COMPLAINT**

<u>Jury Trial Demanded</u>

07 CV 2929 (LAP)(FM)

       Defendant City of New York[1], by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

       1.    Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

       2.    Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

       3.    Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to bring this action and invoke the jurisdiction of the Court as stated therein.

---

[1] Upon information and belief, the individual identified in the caption of the complaint as Police Officer Thomas Calvin has not been served with the summons and complaint and is therefore not a party to this action.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

5. Denies the allegations set forth in paragraph "5" of the complaint.

6. Denies the allegations set forth in paragraph "6" of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York is a municipal corporation.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York maintains a police department and respectfully refers the Court to the New York City Charter and the Administrative Code for the relationship between the City of New York and the New York City Police Department.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that Thomas Calvin is employed by the City of New York as a police officer and denies knowledge of information sufficient to form a belief as to the truth of the allegations with respect to unidentified New York City Police Officers, employees and agents.

11. Paragraph "11" states a legal conclusion to which no response is required, except defendants respectfully refer the Court to the New York City Charter and Administrative Code for the duties and functions of the Police Department.

12. Denies the allegations set forth in paragraph "12" of the complaint, except admits that plaintiff purports to proceed as stated therein.

13. Paragraph "13" states a legal conclusion to which no response is required.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admits that on or about October 5, 2004, plaintiff was arrested.

15. In response to the allegations set forth in paragraph "15" of the complaint, defendant repeats and re-alleges all the preceding paragraphs of its answer, as if fully set forth herein.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendant repeats and re-alleges all the preceding paragraphs of its answer, as if fully set forth herein.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

29. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

30. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

31. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others, and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

32. There was probable cause for plaintiff Felix Diaz's arrest, detention and prosecution.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

33. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, it is entitled to governmental immunity from liability.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

34. Punitive damages cannot be recovered as against the City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

35. Plaintiff provoked the incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

36. Plaintiff may have failed to comply with the conditions precedent to suit.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

37. At all times relevant to the acts alleged by plaintiff, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

38.   Plaintiff's claims may be barred in whole or in part by the applicable limitations period.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
July 16, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
   City of New York
Attorney for Defendant City of New York
100 Church Street, Room 3-196
New York, New York 10007
(212) 788-9567

By: _____
Suzette Corinne Rivera (SR 4272)
Assistant Corporation Counsel

To:   Darmin T. Bachu, Esq.
Bachu & Associates
127-21 Liberty Avenue
Richmond Hill, NY 11419
718-843-2192
(by ECF)

Index No. 07 CV 2929 (LAP)(FM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELIX DIAZ,

                              Plaintiff,

                  -against-

CITY OF NEW YORK, POLICE OFFICER THOMAS CALVIN, SHIELD # 13693 and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, AGENTS AND EMPLOYEES,

                            Defendants.

## ANSWER TO THE COMPLAINT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*City of New York*
*100 Church Street*
*New York, New York  10007*

*Of Counsel Suzette Corinne Rivera*
*Tel:  (212) 788-9567*

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................................................, 200..*

*................................................................................... Esq.*

*Attorney for ...............................................................................*